1 STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
2 GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
3 REMI T. SALTER (Bar No. 316327)
rsalter@jmbm.com
4 JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
5 Los Angeles, California 90067-4308
Telephone: (310) 203-8080
6 Facsimile: (310) 203-0567

7 Attorneys for Plaintiff Theragun, Inc.

8

NANCY FRANCO (Bar No. 294856)
9 nancy.franco@bclplaw.com
J. BENNETT CLARK (Admitted *pro hac vice*)
10 ben.clark@bclplaw.com
ELLEN E. WHITEHORN (Admitted *pro hac vice*)
11 ellen.whitehorn@bclplaw.com
MATTHEW G. MINDER (Admitted *pro hac vice*)
12 matt.minder@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
13 120 Broadway, Suite 300
Santa Monica, CA 90401-2386
14 Telephone: (310) 576-2100
Facsimile: (310) 576-2200

15
Attorneys for Defendants Complete
16 Recovery, Revolution Hustle LLC and
Elevate Brands, LLC

17

18

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THERAGUN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPLETE RECOVERY, et al,<br><br>    Defendants. | Case No.: 2:20-cv-03821 TJH(Ex)<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)** |
|---|---|

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, plaintiff Theragun, LLC ("Theragun") and defendants Complete Recovery, Revolution Hustle LLC and Elevate Brands LLC ("Defendants") submit this Rule 26(f) Joint Report.[1]  The Rule 26(f) meeting of counsel occurred telephonically on July 8, 2020.

## I. FEDERAL RULE OF CIVIL PROCEDURE 26(F)

### A. The Nature and Basis of the Claims and Defenses

Plaintiff's Claims: Theragun asserts five separate claims for relief against the Defendants in this case: (a) trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125 (Count II and III); (b) trade dress infringement under the laws of the state of California (Count IV); (c) patent infringement under the patent laws of the United States, 35 U.S.C. § 271 (Count V); and (d) unfair competition pursuant to California Business and Professions Code Section 17200, et seq. (Count XVII).

Defendants' Defenses/Counterclaim:  Defendant Complete Recovery is not an existing entity and should be dismissed from the case.  Plaintiff's alleged trade dress is functional; is not distinctive, either as a matter of inherency or resulting from the development of secondary meaning; and in any event no likelihood of confusion exists between Plaintiff's alleged trade dress and the accused product offerings.  This defeats Counts II, III, IV, and XVII.  The asserted patent, U.S. Pat. No. D877,351 (the "351 Patent") suffers from obviousness-type invalidity, and is invalid due to functionality.  Even were it valid, it is not, in any event, infringed on account of the making, use, sale, or offer for sale of the accused products.  These grounds of defense are expressed both in Defendants' amended affirmative defenses and via a declaratory judgment counterclaim.  Other defenses relating generally to absence of

---

[1] Defendant Dezhou Create Fitness Equipment Co., Ltd has not made an appearance in this case despite being served on June 1, 2020. Dkt. 29. On July 17, the Clerk entered default against Dezhou based on Theragun's application. Dkt. 43.

or failure to mitigate harm; estoppel, waiver, and laches and acquiescence; and failure to mark are also stated as affirmative defenses.

### B. Settlement Discussions

The parties have had preliminary settlement discussions. As noted below, the parties agree to mediation as the preferred mechanism for alternative dispute resolution in this case, but disagree as to the ADR procedure.

### C. Initial Disclosures

The parties have agreed to the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1), by no later than July 31, 2020.

### D. Discovery Subjects

Theragun anticipates conducting discovery regarding, among other matters, the following:

1. The design and motivation for the design of Defendants' infringing products, including evidence of copying;
2. Defendants' advertising, marketing and sales of the infringing products;
3. When Defendants first became aware of Theragun's products, patents or patented products; and
4. Defendants' profits on sales of infringing products.

Defendants anticipate conducting discovery regarding, among other matters, the following:[2]

1. The original conception of and changes to (and reasons for the foregoing) Plaintiff's products embodying the alleged trade dress, and products allegedly made, used, sold or offered for sale under the '351 Patent;
2. Defendants' advertising, marketing and sales of the above-referenced products, including profits and revenues;
3. Information related to Plaintiff's various enforcement efforts;

---

[2] Defendants have propounded discovery requests which more fully reflect the scope of discovery herein.

1  4. Prior art and other indicia of the crowded field of technology in
2 which Plaintiff operates; and
3  5. Indicia of functionality and lack of distinctiveness of Plaintiff's
4 products embodying the alleged trade dress, and functionality of the design
5 reflected in the '351 Patent

### E. Discovery Cutoff

The parties propose January 22, 2021 as the cutoff date for completion of all fact discovery.

### F. Discovery Phases

The parties do not believe that discovery needs to be conducted in phases or limited to or focused on particular issues.

### G. Discovery Limitations

The parties do not believe that any changes should be made to the limitations on discovery at this time, but reserve the right to change their respective positions in the future. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to service via email transmission for service that does not otherwise occur by virtue of the court's electronic filing system.

### H. Electronically Stored Information

The parties are not presently aware of any unusual issues related to the disclosure, discovery, or preservation of electronically stored information (ESI). The parties intend to file with the Court a Stipulated ESI Order which will address the disclosure of ESI information.

### I. Privilege or Other Protections

The parties intend to file with the Court a Stipulated Protective Order which will address privilege and work product issues as well as protections for confidential information produced by the parties and third parties during discovery.

The parties intend to agree on reciprocal requirements with respect to privilege logs and related matters. The parties agree that responsive documents

protected by the attorney-client privilege and/or work product doctrine with respect to this action that were created after the filing of this action need not be identified on any privilege log.  Theragun does not agree with Defendants' position that privileged documents and/or work product regarding other litigations instituted by Theragun must be logged on a privilege log in this case.

### J. Additional Orders

At this time, the parties do not request any additional orders under Federal Rules of Civil Procedure 26(c) or 16(b) or (c).

## II. LOCAL RULE 26-1

### A. Complexity (Local Rule 26-1(a)):

The parties do not believe that there is a need to utilize the Manual for Complex Litigation.

### B. Motion Schedule (Local Rule 26-1(b)):

The parties anticipate filing dispositive or partially dispositive motions on the issues of infringement and validity after sufficient discovery has been made. The parties propose June 3, 2021 for cutoff for filing dispositive motions.

### C. ADR (Local Rule 26-1(c)):

The parties have discussed the issue of a settlement.  Theragun prefers a magistrate judge as its ADR preference (ADR PROCEDURE NO. 1). Defendants prefer a panel mediator as their ADR preference (ADR PROCEDURE NO. 2).

The Parties agree that mediation should occur by August 31, 2020 if mediation is to be conducted via video conferencing.  If mediation is to be held in-person, the parties agree that mediation should occur by September 15, 2020.

### D. Trial Estimate (Local Rule 26-1(d)):

The parties estimate that the trial will require between 4 and 6 court days.

The parties propose that trial be commenced on August 23, 2021.

**E.  Additional Parties (Local Rule 26-1(e)):**

At this time, the parties do not anticipate the addition of new parties to this action. However, both parties reserve the right to seek to join additional parties if and when warranted by the facts and circumstances of the case.

**F.  Expert Witnesses (Local Rule 26-1(f)):**

The parties propose initial expert witness disclosure by March 12, 2021 and rebuttal expert witness disclosure by April 12, 2021, with expert depositions to be concluded by May 10, 2021.

DATED: July 22, 2020

STANLEY M. GIBSON
GREGORY S. CORDREY
REMI SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP

By: _____*/s/ Gregory S. Cordrey*_____
GREGORY S. CORDREY
Attorneys for Plaintiff Theragun, Inc.

DATED: July 22, 2020

NANCY FRANCO
J. BENNETT CLARK
ELLEN E. WHITEHORN
MATTHEW G. MINDER
BRYAN CAVE LEIGHTON PAISNER LLP

By: _____*/s/ Nancy Franco (with permission)*_____
NANCY FRANCO
Attorneys for Defendants Complete Recovery, Revolution Hustle LLC and Elevate Brands, LLC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

On July 22, 2020, I served true copies of the following document(s) described as **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)** as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 22, 2020, at Irvine, California.

*/s/ Carolyn Marsh*
Carolyn Marsh

# SERVICE LIST

| | |
|---|---|
| Nancy Franco<br>*nancy.franco@bclplaw.com*<br>J. Bennett Clark<br>*ben.clark@bclplaw.com*<br>Ellen E. Whitehorn<br>*ellen.whitehorn@bclplaw.com*<br>Matthew G. Minder<br>*matt.minder@bclplaw.com*<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386 | *Attorneys for Defendants Complete Recovery, Revolution Hustle LLC and Elevate Brands, LLC* |