1  STANLEY M. GIBSON (Bar No. 162329)
   sgibson@jmbm.com
2  GREGORY S. CORDREY (Bar No. 190144)
   *gcordrey@jmbm.com*
3  REMI T. SALTER (Bar No. 316327)
   *rsalter@jmbm.com*
4  JEFFER MANGELS BUTLER & MITCHELL LLP
   1900 Avenue of the Stars, 7th Floor
5  Los Angeles, California 90067-4308
   Telephone:  (310) 203-8080
6  Facsimile:   (310) 203-0567

7  Attorneys for Plaintiff Theragun, Inc.

8
   ALFRED SHAUMYAN  (Bar No. 266908)
9  *afred.shaumyan @bclplaw.com*
   J. BENNETT CLARK (Admitted *pro hac vice*)
10 *ben.clark@bclplaw.com*
   ELLEN E. WHITEHORN (Admitted *pro hac vice*)
11 *ellen.whitehorn@bclplaw.com*
   MATTHEW G. MINDER (Admitted *pro hac vice*)
12 *matt.minder@bclplaw.com*
   BRYAN CAVE LEIGHTON PAISNER LLP
13 120 Broadway, Suite 300
   Santa Monica, CA 90401-2386
14 Telephone:  (310) 576-2100
   Facsimile:  (310) 576-2200
15
   Attorneys for Defendants Complete
16 Recovery, Revolution Hustle LLC and
   Elevate Brands, LLC
17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20
   THERAGUN, INC., a Delaware          Case No.:  2:20-cv-03821 TJH(Ex)
21 corporation,
                                       ~~[PROPOSED]~~ STIPULATED
22          Plaintiff,                 PROTECTIVE ORDER

23       v.

24 COMPLETE RECOVERY, et al,

25          Defendants.

26

27

28

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 12.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; the Local Rules of this Court set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: any information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such information or material.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2    ONLY".

3        2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless

4    of the medium or manner in which it is generated, stored, or maintained (including,

5    among other things, testimony, transcripts, and tangible things), that are produced or

6    generated in disclosures or responses to discovery in this matter.

7        2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

8    pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

9    as an expert witness or as a consultant in this action, (2) is not a past or current

10   employee of a Party or of a Party's competitor, and (3) at the time of retention, is not

11   anticipated to become an employee of a Party or of a Party's competitor.

12       2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

13   <u>Information or Items</u>: extremely sensitive "Confidential Information or Items,"

14   disclosure of which to another Party or Non-Party would create a substantial risk of

15   serious harm that could not be avoided by less restrictive means.

16       2.9    <u>House Counsel</u>: attorneys who are employees of a party to this action.

17   House Counsel does not include Outside Counsel of Record or any other outside

18   counsel.

19       2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or

20   other legal entity not named as a Party to this action.

21       2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party

22   to this action but are retained to represent or advise a party to this action and have

23   appeared in this action on behalf of that party or are affiliated with a law firm which

24   has appeared on behalf of that party.

25       2.12   <u>Party</u>: any party to this action, including all of its officers, directors,

26   employees, consultants, retained experts, and Outside Counsel of Record (and their

27   support staffs).

28       2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

1  Discovery Material in this action.

2      2.14  <u>Professional Vendors</u>: persons or entities that provide litigation support

3  services (e.g., photocopying, videotaping, translating, preparing exhibits or

4  demonstrations, and organizing, storing, or retrieving data in any form or medium)

5  and their employees and subcontractors.

6      2.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is

7  designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY."

9      2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

10  from a Producing Party.

11  3.  <u>SCOPE</u>

12      The protections conferred by this Order cover not only Protected Material (as

13  defined above), but also (1) any information copied or extracted from Protected

14  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

15  and (3) any testimony, conversations, or presentations by Parties or their Counsel

16  that might reveal Protected Material. However, the protections conferred by this

17  Order do not cover the following information: (a) any information that is in the

18  public domain at the time of disclosure to a Receiving Party or becomes part of the

19  public domain after its disclosure to a Receiving Party as a result of publication not

20  involving a violation of this Order, including becoming part of the public record

21  through trial or otherwise; and (b) any information known to the Receiving Party

22  prior to the disclosure or obtained by the Receiving Party after the disclosure from a

23  source who obtained the information lawfully and under no obligation of

24  confidentiality to the Designating Party. Any use of Protected Material at trial shall

25  be governed by a separate agreement or order.

26  4.  <u>DURATION</u>

27      Even after final disposition of this litigation, the confidentiality obligations

28  imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection.

   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of

protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, and subject to Section 5.1, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and/or any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.3    <u>Inadvertent Failures to Designate</u>. If corrected immediately upon learning of an inadvertent failure to designate qualified information or items, such inadvertency does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon such an immediate correction of a designation, the Receiving Party must make its best efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process

first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

1   Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons

3   authorized under this Order.

4        7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

5   otherwise ordered by the court or permitted in writing by the Designating Party, a

6   Receiving Party may disclose any information or item designated

7   "CONFIDENTIAL" only to:

8        (a)   the Receiving Party's Outside Counsel of Record in this action, as well

9   as employees of said Outside Counsel of Record to whom it is reasonably necessary

10   to disclose the information for this litigation;

11        (b)   the officers, directors, and employees (including House Counsel) of the

12   Receiving Party to whom disclosure is reasonably necessary for this litigation and

13   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14        (c)   Experts (as defined in this Order) of the Receiving Party to whom

15   disclosure is reasonably necessary for this litigation and who have signed the

16   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17        (d)   the court and its personnel;

18        (e)   court reporters and their staff, professional jury or trial consultants,

19   and Professional Vendors to whom disclosure is reasonably necessary for this

20   litigation and who agree to be bound by this Protective Order;

21        (f)   during their depositions, witnesses in the action to whom disclosure is

22   reasonably necessary. Pages of transcribed deposition testimony or exhibits to

23   depositions that reveal Protected Material must be separately bound by the court

24   reporter and may not be disclosed to anyone except as permitted under this

25   Protective Order;

26        (g)   the author or recipient of a document containing the information or a

27   custodian or other person who otherwise possessed or knew the information; and

28        (h)   any other person with the prior written consent of the Designating

Jeffer Mangels
Butler & Mitchell LLP

JMBM

Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who agree to be bound by this Protective Order;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)     any other person with the prior written consent of the Designating Party.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

11

first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure the Expert may file a motion as provided in the Local Rules of this Court seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall make itself available to meet and confer with the Designating Party regarding any such engagement.

JMBM Jeffer Mangels Butler & Mitchell LLP

risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

JMBM | Jeffer Mangels Butler & Mitchell LLP

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN  THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Case No. 2:20-cv-03821 TJH(Ex)
STIPULATED PROTECTIVE ORDER

JMBM | Jeffer Mangels Butler & Mitchell LLP

production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with any applicable Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section

4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

DATED: September 10, 2020     STANLEY M. GIBSON
GREGORY S. CORDREY
REMI SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP

By:     */s/ Gregory S. Cordrey*
GREGORY S. CORDREY
Attorneys for Plaintiff Theragun, Inc.

DATED: September 10, 2020     ALFRED SHAUMYAN
J. BENNETT CLARK
ELLEN E. WHITEHORN
MATTHEW G. MINDER
BRYAN CAVE LEIGHTON PAISNER LLP

By:     */s/ Alfred Shaumyan (with permission)*
ALFRED SHAUMYAN
Attorneys for Defendants Complete Recovery,
Revolution Hustle LLC and Elevate Brands, LLC

1    IT IS SO ORDERED.

2    DATED:  9/14/20                              /S/ CHARLES F. EICK

3                                              UNITED STATES
                                              MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                    Case No. 2:20-cv-03821 TJH(Ex)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United State District Court for the Central District of

California on _____[date] in the case of *Theragun, Inc. v. Complete

Recovery, et al.*, Case No. 2:20-cv-03821 TJH(Ex). I agree to comply with and to be

bound by all the term of tis Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this order.

     I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceeding occur after termination of

this action.

     I hereby appoint _____[print or type full name] of ____

_____[print or type full address and telephone number] as

my California agent for service of process in connection with this action or any

proceeding related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____