# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| THERAGUN, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE RECOVERY, *et al.*, <br><br> Defendants. | 20-03821 TJH (Ex) <br><br><br> Order <br> [56] |

    The Court has considered Plaintiff Theragun, Inc.'s ["Theragun"] motion for default judgment, together with the moving papers.

    On April 27, 2020, Theragun filed this action, alleging claims for federal trademark infringement, false designation of origin, federal unfair competition, common law trade dress infringement, and patent infringement. All defendants other than Defendant Dezhou Create Fitness Equipment Co., Ltd. ["Dezhou"] have, since, been dismissed. The following facts are as alleged in the First Amended Complaint.

    Theragun, a Delaware corporation with its principal place of business in Beverley Hills, California, develops, manufactures, and sells percussive therapy devices, such as massage guns and attachments. In 2015, it obtained a federal trademark for THERAGUN. Theragun has trade dress rights to the distinctive blue color of its

massage gun products, packaging, marketing, and advertising; consumers associate the distinctive blue color with Theragun. Additionally, Theragun owns numerous design patents for its products.

Dezhou, a Chinese limited company with an office in Shandong Province, China, manufactures and sells massage gun products under the brand name CRIFT. Dezhou sells its massage gun products on its brand page on the Alibaba website. Dezhou's massage gun products, allegedly, use the same blue color and designs used by Theragun, thereby infringing on Theragun's trade dress and design patents. Additionally, Dezhou, allegedly, uses the THERAGUN trademark on its website.

The Court permitted Theragun to serve Dezhou by substitute service via email and via Dezhou's website. On July 17, 2020, the Clerk of the Court entered Dezhou's default.

Theragun, now, moves for default judgment against Dezhou.

Because Dezhou's default has been entered, the Court can accept as true the factual allegations in the complaint, except for those allegations which relate to damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F2d 915, 917-18 (9th Cir. 1987).

However, before the Court can enter a default judgment, it must ensure that it has personal jurisdiction over Dezhou, a foreign defendant. *See Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). Theragun, as the plaintiff, bears the burden of establishing a *prima facie* showing that the Court has personal jurisdiction over Dezhou. *See Mwani*. However, Theragun "cannot simply rest on the bare allegations of its complaint." *See Schwarzenegger v. Fred Martin Moto Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Based on the allegations set forth in the First Amended Complaint, it appears that Dezhou is a foreign defendant. A foreign defendant is subject to personal jurisdiction based on its national contacts if: (1) The claims, here, arose under federal law; (2) The foreign defendant is not subject to personal jurisdiction in any particular state; and (3)

This Court's exercise of personal jurisdiction comports with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2007). This Court's exercise of personal jurisdiction over Dezhou would comport with due process if, *inter alia*, Dezhou purposefully directed its activities toward the United States, generally, or California, specifically. *See Pebble Beach*, 453 F.3d at 1156.

Theragun's allegations that relate to personal jurisdiction are as follows: (1) "Theragun is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing massage gun products . . . "; (2) "Theragun is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion, marketing, sale, offer for sale, or import of infringing products in or to this District"; (3) "Dezhou is, also, using Theragun's federally registered trademark . . . as part of its product name in its listings on Alibaba.com"; and (4) On its brand page on Alibaba . . . Dezhou states that its "products are selling well in North America."

The allegations set forth in Theragun's First Amended Complaint are threadbare and insufficient to establish personal jurisdiction, here, over Dezhou. *See Schwarzenegger*, 374 F.3d at 800. Accordingly, the Court shall deny the motion for default judgment without prejudice. *See Mwani*.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for default judgment be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡 without prejudice.

Date: August 11, 2021

_____
Terry J. Hatter, Jr.
Senior United States District Judge